B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## Northern District of Illinois

In re **Jacqueline R. Oldham**                                  Case No. **19-08103**
Debtor(s)                                                        Chapter **7**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S) - AMENDED

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   | | |
   |---|---|
   | For legal services, I have agreed to accept | $ **1,785.00** |
   | Prior to the filing of this statement I have received | $ **1,335.00** |
   | Balance Due | $ **450.00** |

2. The source of the compensation paid to me was:

   ■ Debtor    ☐ Other (specify):

3. The source of compensation to be paid to me is:

   ■ Debtor    ☐ Other (specify):

4. ☐ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ■ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached. **$50.00 paid to Christina Banyon (341 Meeting Coverage)**

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. [Other provisions as needed]
      **Negotiations with secured creditors to reduce to market value; exemption planning; filing of reaffirmation agreements and applications as needed; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods.**

6. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
   **Representation of the debtors in any dischargeability actions, judicial lien avoidances (except in Chapter 13 cases), or any other adversary proceeding.**

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| | |
|---|---|
| **May  2, 2019** | **/s/ David M. Siegel** |
| *Date* | **David M. Siegel** |
| | *Signature of Attorney* |
| | **David M. Siegel & Associates** |
| | **790 Chaddick Drive** |
| | **Wheeling, IL 60090** |
| | **(847) 520-8100** |
| | *Name of law firm* |

## Chapter 7 Bankruptcy Retainer Agreement

This Agreement acknowledges that the undersigned individuals(s)[Client(s)] hereby retains and employs the Law Firm of David M. Siegel & Associates, LLC [Attorney] for representation in a Chapter 7 bankruptcy case. In consideration for services rendered and to be rendered, the Client agrees to pay Attorney Fees, which may be divided into two portions, as follows:

a) **A FLAT FEE** as specified in paragraph (i) will be required to complete both portions of bankruptcy representation. The fee includes all required court costs and filing fees, as well as compensation for Attorney's time and labor. The fee is immediate compensation for the firm's commitment to perform future services; the fee is property of the firm and may be deposited in the firm's operating or business account.

b) Representation pursuant to Portion One shall begin upon execution of this Agreement. Once Client has paid at least $400.00, has authorized an automatic payment plan arrangement and has completed all pre-bankruptcy filing requirements, the case is eligible for filing. Portion One fees include preparation, review, revision if necessary, communication with Client and all other work done prior to case filing. Portion One representation shall conclude immediately once the case is filed.

c) Representation pursuant to Portion Two shall begin immediately after the case is filed. A separate Post-Petition Retainer Agreement shall be prepared and executed as soon as practicable after the case is filed. Portion Two fees include representation and appearance at the meeting of creditors, 2004 examination, if necessary, communication with the bankruptcy and United States' trustees, communication with creditors, review and completion of reaffirmation agreement(s) and court appearances. Portion Two representation shall conclude upon discharge or case closing. If the Client pays the entire fee before the case is filed, the attorney's representation will continue as stated above with no need for a Post-Petition Retainer Agreement.

d) The fee **does not** include representation in any adversarial proceedings. The Client and Attorney may enter into an additional agreement to provide for representation in an adversarial proceeding. In the event that the case is converted to another Chapter, there may be an additional fee.

e) Additional Fees in Portion Two of the representation may include: $250.00 for missed 341 meeting; $100.00 to amend Schedules D, E and F to include creditors who were not originally provided by Client; $25.00 for any non-sufficient /returned checks; and $820.00 to reopen a case and file the second credit counseling certificate if the Client fails to take the second credit counseling course and provide Attorney with the certificate in a timely fashion.

f) In the event that a Client pays the flat fee in full and later elects to not proceed, the Client is entitled to a refund of the court costs and filing fees only.

g) **Debts that are discharged**. The Chapter 7 discharge order eliminates a Client's legal obligation to pay a debt that is discharged. Most, but not all types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different

1

Chapter of the Bankruptcy Code and converted to a Chapter 7, the discharge applies to debt owed when the bankruptcy case was converted.)

h) **Debts that are not discharged.** Some of the common types of debts which are not discharged in a Chapter 7 case are: debts for most taxes; debts that are in the nature of alimony, maintenance or support; debts for student loans, debts for fines, penalties, forfeitures or criminal restitution obligations; debts for personal injuries or death caused by the Client's operation of a motor vehicle while intoxicated; some debts that are not properly listed by the Client; debts that the bankruptcy court specifically determines to be non-dischargeable; and debts for which the Client has given up the discharge protection by signing a reaffirmation agreement.

i) The **FLAT FEE** for representation will be $ 1785.00 .

j) That Client authorizes Attorney to obtain Client's credit report.

Client acknowledges that he or she has read this Agreement in its entirety, understands it fully, had had an opportunity to ask questions regarding this Agreement, is satisfied with it, and accepts it in its entirety.

Date: 10/27/18    Signed: *Jacqueline R. Oldham*
Print: Jacqueline R. Oldham

Date: _____    Signed: _____
Print: _____

Date: 10/27/17    Signed: _____
Attorney for ~~David M.~~ Siegel & Associates, LLC

(Revised 6-5-18)

2